UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-20396-BLOOM

UNITED STATES OF AMERICA,
      Plaintiff,

v.

NATHAN HARRIS,
      Defendant.
_____/

## ORDER ON MOTION TO DISMISS INDICTMENT

**THIS CAUSE** is before the Court upon Defendant Nathan Harris's Motion to Dismiss Indictment, ECF No. [17] ("Motion"), filed on February 2, 2024. The Government filed a Response in Opposition ("Response"), ECF No. [21], to which Defendant filed a Reply in Support ("Reply"), ECF No. [24]. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.  BACKGROUND**

According to the Indictment, on or about July 3, 2023, Defendant "knowingly possess[ed] a firearm and ammunition in and affecting interstate and foreign commerce" despite having previously been convicted of a felony. *See* ECF No. [1]. Defendant was accordingly charged with possession of a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Defendant seeks dismissal of the Indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3). Defendant contends the Indictment must be dismissed because § 922(g)(1) violates the Second Amendment, either on its face or as applied to Defendant. Defendant argues the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) makes clear the Second Amendment protects his right to bear arms despite his status as a convicted felon. The Government responds that the Eleventh Circuit squarely held that felons do

not have a right to possess firearms in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), and that *Bruen* did not overrule this holding. The Government also argues that even if *Bruen* did overrule *Rozier*, § 922(g)(1)'s prohibition on felon-firearm possession is constitutional under *Bruen*. Defendant replies that *Bruen* overruled *Rozier* because it demonstrates *Rozier* misapplied the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008). With *Rozier* inapplicable, Defendant argues the Government fails to show § 922(g)(1) is consistent with America's historical tradition of firearm regulation.

## II.  LEGAL STANDARD

A motion to dismiss an indictment is governed by Federal Rule of Criminal Procedure 12(b). A defendant may challenge an indictment on various grounds, including failure to state an offense, lack of jurisdiction, or constitutional reasons. *See United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012). "Under Fed. R. Crim. P. 12(b) an indictment may be dismissed where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987). Further, "[t]he sufficiency of a criminal indictment is determined from its face." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). "The indictment is sufficient if it charges in the language of the statute." *Id.* "Constitutional requirements are fulfilled 'by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.'" *Id.* at 308; *see also United States v. Cole*, 755 F.2d 748, 760. The indictment's allegations are assumed to be true and are viewed in the light most favorable to the government. *See Torkington*, 812 F.2d at 1354.

## III. DISCUSSION

As noted above, Defendant asserts a facial and as applied challenge that § 922(g)(1) violates the Second Amendment. Defendant contends § 922(g)(1)'s permanent ban on a felon

possessing a firearm or ammunition runs afoul of the Second Amendment's guarantee that "the right of the people to keep and bear arms[] shall not be infringed." U.S. CONST. amend. II. Defendant specifically argues § 922(g)(1) is unconstitutional under the two-step test articulated by the Supreme Court in *Bruen*. The Government responds that *Bruen* did not overrule the Eleventh Circuit's holding in *Rozier* that § 922(g)(1)'s felon-firearm ban does not violate the Second Amendment, and that § 922(g)(1) is nonetheless constitutional under *Bruen*.

In *Heller*, the Supreme Court upheld a Second Amendment challenge to a District of Columbia law banning the private possession of handguns. The Supreme Court held that the Second Amendment guarantees law-abiding citizens the right to possess handguns in the home for self-defense. *Heller*, 554 U.S. at 635-36. The Supreme Court adopted a framework based on "both text and history" for analyzing Second Amendment challenges to firearm restrictions. *Id.* at 595. Relevant here, however, the Supreme Court observed "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill[,]" calling such restrictions "presumptively lawful." *Id.* at 627 & n.26.

The Eleventh Circuit subsequently relied on *Heller* to reject a Second Amendment challenge to § 922(g)(1) in *Rozier*. The defendant in *Rozier* challenged his conviction under § 922(g)(1) for possessing a firearm as a convicted felon, on the ground that his conviction was inconsistent with *Heller*. The Eleventh Circuit held that "statutes disqualifying felons from possessing a firearm under any and all circumstances do not offend the Second Amendment." 598 F.3d at 771. The court explained *Heller's* "first question … is whether one is *qualified* to possess a firearm." *Id.* (emphasis in original). The court found felons are unqualified to possess firearms as a class because they are not "law-abiding citizen[s]." *Id.* The Eleventh Circuit observed that this

conclusion was consistent with *Heller* as well as the Supreme Court's opinion in *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010). *Id.* (citations omitted).

In *Bruen*, the Supreme Court revisited the analytical framework set forth in *Heller*. The court struck down a New York law prohibiting citizens from obtaining a license to carry firearms outside the home without first obtaining a special permit. *Bruen*, 597 U.S. at 10-11. The court held this restriction was unconstitutional because "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *Id.* at 10. As the Eleventh Circuit recently explained in *United States v. Dubois*, No. 22-10829, 2024 WL 927030 (11th Cir. Mar. 5, 2024), the Supreme Court rejected a two-step test employed by most federal circuits in the process:

> *Bruen* began its analysis by rejecting, as inconsistent with *Heller*, the second part of a two-step test that then prevailed in most circuits. *See id.* at 2125–30. Under that test, a court would first ask whether the challenged law burdened conduct that falls within the scope of the Second Amendment, "as historically understood." *See, e.g.*, *United States v. Greeno*, 679 F.3d 510, 518 (6th Cir. 2012). If it did, the court would review the regulation under either intermediate or strict scrutiny. See id. We embraced this two-part framework in dicta beginning in 2012, *see Georgia Carry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1260 n.34 (11th Cir. 2012), but we have never actually applied the second, means-end-scrutiny step, *see United States v. Jimenez-Shilon*, 34 F.4th 1042, 1052–53 (11th Cir. 2022) (Newsom, J., concurring).

*Id.*, at *4.

*Bruen* affirmed "[s]tep one of the predominant framework" as "broadly consistent with *Heller*, which demands a test rooted in the Second Amendment's text, as informed by history." 597 U.S. at 19. But it rejected step two, finding "means-end scrutiny" inconsistent with *Heller's* rejection of a "judge-empowering interest-balancing inquiry[.]" *Id.* at 22 (internal quotation marks omitted) (quoting *Heller*, 554 U.S. at 634). The Supreme Court concluded by confirming "'Heller's text-and-history standard' is the correct test for determining the constitutionality of gun restrictions." *DuBois*, 2024 WL 927030, at *5 (quoting *Bruen*, 597 U.S. at 39).

4

*DuBois* explicitly rejects the argument that *Bruen* overruled the Eleventh Circuit's holding in *Rozier*.[1] The defendant in *DuBois* argued § 922(g)(1) violates the Second Amendment by categorically prohibiting convicted felons from possessing firearms. *Id.*, at *3. The defendant conceded this argument was foreclosed by *Rozier* but argued that *Rozier* was abrogated by *Bruen*. *Id.* The Eleventh Circuit explained that *Bruen* did not abrogate *Rozier*, and *Rozier's* holding that § 922(g)(1)'s prohibition on felons possessing firearms does not violate the Second Amendment continues to be binding precedent:

> *Bruen* did not abrogate *Rozier*. Because the Supreme Court "made it clear in *Heller* that [its] holding did not cast doubt" on felon-in-possession prohibitions, *McDonald*, 561 U.S. at 786 (plurality opinion), and because the Court made it clear in *Bruen* that its holding was "[i]n keeping with *Heller*," 142 S. Ct. at 2126, *Bruen* could not have clearly abrogated our precedent upholding section 922(g)(1). *See Del Castillo*, 26 F.4th at 1223–25. Indeed, the *Bruen* majority did not mention felons or section 922(g)(1). *See Vega-Castillo*, 540 F.3d at 1238–39.
> Dubois argues that we may depart from *Rozier* because *Bruen* abrogated "[a]ll prior precedent relying on the two-step analysis." But *Rozier* upheld section 922(g)(1) on the threshold ground that felons are categorically "disqualified" from exercising their Second Amendment right under *Heller*. *Rozier*, 598 F.3d at 770–71 (quoting *Heller*, 554 U.S. at 635). We interpreted *Heller* as limiting the right to "law-abiding and qualified individuals" and as clearly excluding felons from those categories by referring to felon-in-possession bans as presumptively lawful. *Rozier*, 598 F.3d at 771 & n.6. And far from "demolish[ing]" or "eviscerat[ing]" Rozier's reliance on *Heller*, *see Del Castillo*, 26 F.4th at 1224, *Bruen* repeatedly stated that its decision was faithful to *Heller*. We require clearer instruction from the Supreme Court before we may reconsider the constitutionality of section 922(g)(1). Because *Rozier* binds us, Dubois's challenge based on the Second Amendment necessarily fails.

*Id.*, at *5-6.

Defendant's argument fails for the same reasons. *DuBois* forecloses Defendant's argument that § 922(g)(1) violates the Second Amendment under the two-step test articulated in *Bruen*. The Eleventh Circuit has determined *Bruen* does not abrogate *Rozier's* holding and, as such, *Rozier's* holding that § 922(g)(1)'s prohibition on felon firearm possession does not violate the Second

---

[1] The Eleventh Circuit issued its decision in *DuBois* after the parties fully briefed Defendant's Motion.

Amendment remains binding precedent. Accordingly, Defendant's "challenge based on the Second Amendment necessarily fails." *Id.*, at *6.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Indictment, **ECF No. [17]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 11, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies To:

Counsel of Record